

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00374-CR

**ALISHA BEIGHTOL,**

                                                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                              **Appellee**

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 32913CR

## MEMORANDUM  OPINION

Alisha Beightol was convicted by a jury of the offense of Possession of a Controlled Substance with Intent to Deliver – Penalty Group I.  TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 2003).  She was tried jointly with her co-defendant, Donnie Lloyd Poole, who was also convicted of the same offense.[1]  Based on the jury's verdict in the punishment phase, the trial court sentenced Beightol to imprisonment for seven (7) years in the Texas Department of Criminal Justice – Institutional Division.  Because we find that the denial of Beightol's motion for an instructed verdict was

---

[1] Poole has also appealed his conviction in No. 10-08-00387-CR.

proper, the issues regarding the chain of custody and the improper foundation of the evidence were waived due to inadequate briefing, and the trial court did not abuse its discretion in the admittance of the exhibits regarding the composition of the methamphetamine, we affirm the judgment.

*Instructed Verdict*

Beightol argues that the trial court erred in denying her motion for an instructed verdict at the close of the evidence because there was insufficient evidence that Beightol had knowledge or was otherwise involved in the drug transaction at issue.

An instructed (or directed) verdict is a challenge to the legal sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). In reviewing the legal sufficiency of the evidence, this Court looks at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); *Bigon v. State*, 252 S.W.3d 360, 366 (Tex. Crim. App. 2008).

Under a legal sufficiency review, we consider all of the evidence admitted, both properly and improperly admitted, as well as direct and circumstantial evidence. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). The jury, as sole judge of the witnesses' credibility and the weight to be given their testimony, is free to accept or reject any or all of the evidence presented by either side. *See Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). The reviewing court must give deference to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the

evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (*citing Jackson v. Virginia*, 443 U.S. at 318-19). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor and can alone be sufficient to establish guilt. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004).

Beightol argues that the evidence was insufficient to connect her to the transaction. Beightol was charged both as a principal and under the law of parties. *See* TEX. PENAL CODE ANN. §§ 7.01(a), 7.02(a)(2) (Vernon 2003). Therefore, if there is legally sufficient evidence that Beightol acted as either a principal or party to the offense, we will uphold the jury's verdict. *See Rabbani v. State*, 847 S.W.2d 555, 558 (Tex. Crim. App. 1992) ("The principle is well-established that when the jury returns a general verdict and the evidence is sufficient to support a guilty finding under any of the allegations submitted, the verdict will be upheld.").

Under the law of parties, "[a] person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." TEX. PEN. CODE ANN. § 7.01(a) (Vernon 2003). A person is "criminally responsible" for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Id*. § 7.02(a)(2). Evidence is sufficient to convict under the law of parties where the accused is physically present at the commission of the offense and encourages its commission by words or other agreement. *Ransom v. State*, 920 S.W.2d 288, 302 (Tex.

Crim. App. 1994). In determining whether an accused participated as a party, the fact finder may examine the events occurring before, during, and after the commission of the offense and may rely on actions of the accused that show an understanding and common design to commit the offense. *Id*. Further, circumstantial evidence may be used to prove party status. *Id*. To convict under the law of parties, when the defendant is not the "primary actor," the State must prove (1) conduct constituting an offense, and (2) an act by the defendant that was done with the intent to promote or assist such conduct. *Christensen v. State*, 240 S.W.3d 25, 31 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

A transaction between Poole, known by law enforcement to be a drug dealer, and a confidential informant was set up for the sale of 14 grams of methamphetamines to be delivered by Poole at a convenience store. Beightol was traveling in the front passenger seat of Poole's vehicle. Through phone conversations which were recorded, the location of the transaction was moved to a second location. The confidential informant entered Poole's van and gave a pre-arranged signal to law enforcement stationed nearby that drugs were present. Poole was arrested for traffic warrants and Beightol was detained at the scene.

The recording of the telephone conversations was admitted into evidence. A voice that was said to be Beightol's had a conversation with the confidential informant where the original location of the transaction, the change of the time of the meeting, and money were discussed. In the same conversation, Poole said that "it" would be in a stick of deodorant. An empty deodorant stick and the deodorant that had been

removed were located on the floor between where Beightol and Poole were seated. The drugs were located in the rear of the van. Reviewing the evidence under the appropriate standards, giving deference to the jury as the determiner of facts and the credibility of the witnesses, we find the evidence was legally sufficient to prove that Beightol was, at a minimum, guilty as a party of the offense as charged. We overrule Beightol's first issue.

*Improper Foundation and Chain of Custody*

Beightol argues that the trial court abused its discretion in admitting three exhibits because the proper foundation for the exhibits was not established and that the State's witnesses failed to establish the chain of custody of the exhibits prior to trial. Beightol offers no other argument or authorities regarding these two issues. Therefore, these issues are inadequately briefed, and therefore, are waived. *See* TEX. R. APP. P. 38.1(i). *See Russeau v. State*, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005). We overrule issues two and four.

*Composition of Controlled Substance*

Beightol contends that the trial court abused its discretion by admitting three exhibits since the sponsoring witness, a DPS chemist, was unable to testify as to the actual amount of methamphetamine contained in the controlled substance and that the indictment only alleged possession of a controlled substance, namely, methamphetamine, and does not specifically include adulterants and dilutants. However, the definition of a "controlled substance" in the Texas Health and Safety Code is as follows:

"Controlled substance" means a substance, including a drug, an adulterant, and a dilutant…. The term includes the aggregate weight of any mixture, solution, or other substance containing a controlled substance."

Tex. Health & Safety Code Ann. § 481.002(5) (Vernon 2003).

The DPS chemist testified that the total weight of the drugs seized was 13.86 grams in weight and contained methamphetamine. We overrule issue three.

*Conclusion*

We find that the trial court did not err in denying Beightol's motion for an instructed verdict. We find that the issues regarding the chain of custody and improper foundation were waived due to inadequate briefing. We find that the trial court did not otherwise abuse its discretion in the admittance of the exhibits. We affirm the judgment of conviction.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed November 25, 2009
Do not publish
[CR25]